FRANCESCO NOTARIANNI *vs.* PASQUALINA DI MUCCIO

JULY 23, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit on a promissory note for $400 which was tried by a justice of the superior court sitting without a jury. The plaintiff obtained a

decision for the amount of the face of the note, with interest, and the defendant excepted thereto. This exception, together with an exception taken to the admission of certain evidence during the course of the trial, furnishes the basis for defendant's bill of exceptions in this court.

The defendant admitted that she signed the note for $400 on which suit is brought but she contended that there was no consideration for such note. The plaintiff contended on the other hand that the consideration for the note was the surrender by him to the defendant of a prior note for $600 which defendant and her husband had signed and given to him some years previous to her husband's death. The defendant denied that she had signed that note. Her counsel admitted that if the defendant had joined in the making of this prior note, the surrender of it to her by the plaintiff would constitute consideration for the note on which the plaintiff has brought suit.

This question of consideration is the only point in the case and is raised by both of the defendant's exceptions. As she has treated these exceptions as one in her brief, we shall treat them in like manner in this opinion. Plaintiff established a *prima facie* case in his favor by producing the note bearing defendant's signature. Defendant then testified as to the lack of consideration for the note, which testimony was admissible between the parties to this action. The burden of proof, however, remained with the plaintiff after defendant had given her testimony as to lack of consideration, and it was incumbent upon him to prove by a fair preponderance of the credible testimony, that there was a valid consideration for the note.

The question at issue is solely one of fact to be determined from the testimony of the plaintiff and the defendant. The latter testified that she was forced to sign the note sued on, but that is merely an assertion reiterated several times in her testimony, unaccompanied by any explanation which would assist the court in giving credence to her assertion. It may accordingly be disregarded, and was disregarded by the trial justice. His decision actually turned on the credi-

bility of the parties, there being no other witnesses. The defendant testified that the $400 note was given in partial payment of a loan of $600 evidenced by the $600 note above referred to, that said loan was received by her husband from the plaintiff a few months before her husband's death, that she did not sign the $600 note, that she, herself, had never received any money from the plaintiff, although at the time she made the $400 note sued on, she had previously paid the plaintiff $200 in cash, on such loan of $600, and that she had paid about $48 in interest on the $400 note at various times up to the time suit was brought.

The plaintiff testified that he had, at various times prior to the death of defendant's husband in 1928, loaned money to both of them, that a few months before the husband's death they gave him a note for $600 signed by both of them, that a short time after her husband's death the defendant paid him $200 in cash, that about six years later, in 1934, she gave him the note for $400 now in suit, in exchange for the note for $600 which defendant tore up and threw in the stove, and that she paid to him at various times, interest on the new note amounting to $48.

Here was a clear conflict of testimony bearing directly on the issue of whether or not there was any consideration for the note in suit. It could be decided only by choice of the testimony which appeared to be the more credible. The trial justice, with the advantage which he had of seeing the witnesses on the stand as they gave their testimony, chose to believe the plaintiff and gave decision accordingly.

From our perusal of the transcript, it appears to us that the decision of the trial justice reasonably responds to the true merits of the controversy, and does substantial justice between the parties. Hence, under our well-established rule in such cases, there is no ground to disturb it.

The defendant's exceptions are, therefore, overruled and the case is remitted to the superior court for entry of judgment on the decision.

*Alfred D'Amario, Albert A. Soriero* for plaintiff.
*John H. Di Stefano* for defendant.